*LAW OFFICES OF DENNIS A. ROSEN*
1670 East River Road, Suite 124
Tucson, Arizona  85718
Telephone:   (520) 319-9191
Facsimile:    (520) 319-8284

Dennis A. Rosen, SB 003186
Email:  drosen@drosenlaw.com
Gayle D. Reay, SB 003183
Email:  greay@drosenlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL ASH MANAGEMENT COMPANY, L.L.C., an Arizona limited liability company as agent for and on behalf of PRINCESS JEANNE L.P., an Arizona limited partnership, 3835 REPLACEMENT PROPERTY #2, L.L.C., an Arizona limited liability company, PRINCESS JENNIFER L.L.C., an Arizona limited liability company. | NO. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| THE TRAVELERS COMPANY, INC, a foreign corporation | |
| Defendant. | |

Paul Ash Management Co. ("PAM"), by and through its undersigned attorney, alleges its causes of action as follows:

### GENERAL ALLEGATIONS AND JURISDICTION

1.      PAM is an Arizona limited liability company whose principal place of business is  Pima County, Arizona.

- 1 -

2.      All of the members of PAM reside in Pima County, Arizona.

3.      PAM is the agent for Princess Jeanne, L.P., an Arizona limited partnership, 3835 Replacement Property #2, L.L.C., an Arizona limited liability company, and Princess Jennifer, L.L.C., an Arizona limited liability company.

4.      The general partner of Princess Jeanne L.P.  is an Arizona limited liability company. The manager/member of 3835 Replacement Property #2, LLC is an Arizona limited liability company.  All of the members of Princess Jennifer LLC reside in Pima County, Arizona.

5.      The Travelers Company, Inc. ("Travelers") is a foreign company whose principal place of business is New York City, New York.

6.      The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.      This Court has diversity jurisdiction pursuant to *28 U.S.C. §1332*.

8.      The contracts complained of were made in Pima County, Arizona.  The partial payments referred to below were made by Defendant to Plaintiff in Pima County, Arizona.  The subject insurance policy was delivered to Plaintiff in Pima County, Arizona.

9.      The subject insured property is located in Albuquerque, New Mexico.

**COUNT ONE**
**BREACH OF CONTRACT**

10.      PAM repleads the above allegations and incorporates them by reference herein.

- 2 -

11.     PAM owns and manages shopping centers located in Tucson, Arizona, Phoenix, Arizona, Flagstaff, Arizona, Sierra Vista, Arizona and Albuquerque, New Mexico.

12.     PAM as agent for Princess Jeanne, L.P., 3835 Replacement Property #2, L.L.C., and Princess Jennifer, L.L.C. entered into a contract of insurance with Travelers in PAM's name for the benefit of Princess Jeanne, L.P., 3835 Replacement Property #2, L.L.C., and Princess Jennifer, L.L.C as the owners of real property located in Albuquerque, New Mexico.

13.     At the time of this loss, PAM was insured by Travelers on sixty-two (62) different commercial properties in one combined commercial insurance policy including the subject real property located at 1400-1448 Eubank Blvd. NE, Albuquerque, New Mexico.

14.     On or about April 29, 2016, PAM renewed its insurance policy with Travelers for one-year coverage from April 29, 2016 to April 29, 2017.

15.     On or about November 5, 2016, there was a severe hail storm that badly damaged the all of the roofs and 27 air conditioning units located at subject real property and caused interior water damage.

16.     PAM filed a claim with Travelers requesting the replacement of all of the roofs and air conditioning units.

17.     On or about February 27, 2017, Travelers inspected the subject real property.

18.     On or about February 20, 2017 and on March 9, 2017, PAM had the subject real property inspected.

19.     On or about August 9, 2017, Travelers denied the insurance claim stating that there was no hail damage to the roofs and therefore no covered loss other than some minor cosmetic repairs to the air conditioners' "fins".

20.     Travelers has breached its insurance policy with PAM.

21.     As a direct and proximate cause of Travelers' breach of contract, PAM has incurred damages in an amount to be proven at trial in excess of the minimum jurisdictional limits of this Court.

22.     PAM is entitled to an award of its reasonable attorney's fees pursuant to *A.R.S. §12-341.01* and its court costs pursuant to *A.R.S. §12-341*.

### COUNT TWO
### BAD FAITH AND CONTRACTUAL BREACH OF THE
### COVENANT OF GOOD FAITH AND FAIR DEALING

23.     PAM repleads the above allegations and incorporates them by reference herein.

24.     Travelers acted unreasonably in its interpretation of the subject insurance policy and denying PAM's claim.

25.     Travelers put its own interests ahead of that of their insured in interpreting the subject policy.

26.     Travelers breached the implied covenant of good faith and fair dealing both contractually and tortiously.

27.     As a direct and proximate cause of Travelers' breach of the implied covenant of good faith and fair dealing, PAM has incurred damages in an amount to be proven at trial.

28.     Travelers misinterpretation of its policy was deliberate or Travelers consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others justifying the imposition of punitive damages an amount to be proven at trial.

29.     PAM is entitled to an award of its reasonable attorney's fees and court costs pursuant to *A.R.S. §12-341.01* and *A.R.S. §12-341*.

30.     PAM demands a trial by jury pursuant to *Rule 38, Fed. R. Civ.P.*

DATED this 20th day of September, 2017.


**LAW OFFICES OF DENNIS A. ROSEN**


        /s/ Dennis A. Rosen
Dennis A. Rosen, Esq., *Attorney for Plaintiff*